IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:20-CV-00216

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>APPROXIMATELY $7,424.25 IN U.S. )<br>CURRENCY seized from Carvenus Cruz )<br>Wilcoxson on or about March 3, 2020, in )<br>Haywood County, North Carolina, )<br>)<br>Defendant. ) | **VERIFIED COMPLAINT FOR**<br>**FORFEITURE** *IN REM* |

NOW COMES the United States of America, Plaintiff herein, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

## NATURE OF ACTION

1. This is a civil action *in rem* against approximately $7,424.25 in United States Currency ("the Defendant Currency") seized from Carvenus Cruz Wilcoxson on or about March 3, 2020, in Haywood County, North Carolina.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

3. This Court has *in rem* jurisdiction over the Defendant Currency, and venue is proper pursuant to 28 U.S.C. § 1355(b)(1) because acts or omissions giving rise to the forfeiture occurred in the Western District of North Carolina.

4. Venue is also proper pursuant to 28 U.S.C. § 1395 because the Defendant Currency is located in the Western District of North Carolina.

5. The Defendant Currency was seized within and is now within the Western District of North Carolina.

## BASIS FOR FORFEITURE

6. This civil action is brought against the Defendant Currency because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, proceeds traceable to such an exchange, and/or money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## FACTS

7. In February 2020, the Asheville Police Department's Drug Suppression Unit ("APD-DSU") began a drug investigation at 296 Livingston Street, Apartment D, Asheville, NC 28801, the residence of a known drug dealer named Carvenus Cruz Wilcoxson, also known as "Gino."

8. Mr. Wilcoxson had outstanding arrest warrants in Indiana for possession of a firearm by a convicted felon and for a drug offense.

9. On February 29, 2020, APD Detective Beddow contacted Detective Miller with the New Albany Police Department in Indiana, who was familiar with Mr. Wilcoxson.

10. Detective Miller explained that Mr. Wilcoxson had several felony drug offenses in their jurisdiction. Detective Miller also advised Detective Beddow to exercise caution when confronting Mr. Wilcoxson because he is known to carry several firearms, and is a flight risk.

11. While conducting surveillance at the residence, APD Detective Brad Beddow observed a white Cadillac Deville with temporary Kentucky license plates parked in front of apartment 296 Livingston Street, Apartment D, Asheville, NC 28801. On March 3, 2020, APD detectives observed Mr. Wilcoxson leave his residence in the Cadillac Deville and travel onto I-40 west, heading towards Tennessee.

12. As APD detectives followed the Cadillac into Haywood County, Detective Beddow enlisted assistance from Haywood County Sheriff's Office's Criminal Suppression Unit ("HCSO-CSU"),

13. Deputy DeWeese with HCSO-CSU located Mr. Wilcoxson's vehicle near exit 31 on I-40. He waited on back-up before attempting to stop the vehicle.

14. Several HCSO deputies arrived to assist Deputy DeWeese. Deputy DeWeese activated his blue lights and attempted to stop Mr. Wilcoxson.

15. Mr. Wilcoxson initially appeared to slow down and pull over, but after approaching exit 27 on I-40, he accelerated to over 100 mph, near mile marker 25.

16. North Carolina State Highway Patrol Trooper Holcombe was situated at mile marker 24, and he deployed spike strips (a law enforcement tool used to impede or stop the movement of a vehicle by puncturing the tires) on the roadway as Mr. Wilcoxson approached.

17. Mr. Wilcoxson unsuccessfully attempted to avoid the spike strips, and his front and rear left tires deflated. However, his vehicle continued to travel at a high rate of speed.

18. Mr. Wilcoxson finally came to a stop when his tires came apart near mile marker 22 ½. Mr. Wilcoxson pulled over and opened the driver's side door.

19. Deputy DeWeese gave Mr. Wilcoxson verbal commands to exit the vehicle with his hands up and get on the ground. Mr. Wilcoxson followed the commands.

20. Mr. Wilcoxson was placed in custody. He was wearing a holster on his right hip, but it was empty. Officers conducted a search of Mr. Wilcoxson incident to his arrest.

21. Officers located $2,370.00 in U.S. Currency in Mr. Wilcoxson's right front pocket. In Mr. Wilcoxson's left front pocket, officers located one bag containing 17.1 grams of suspected marijuana and another bag containing 8.9 grams of suspected marijuana.

22. Officers proceeded to search Mr. Wilcoxson's vehicle, which smelled of marijuana. In the trunk, officers located a black shoe box, which contained 81.6 grams of suspected MDMA, as well as another $5,050.00 in U.S. Currency. The seized currency totaled $7,424.25.

23. Upon further search of the vehicle, officers discovered that the dashboard came apart, and only had a few screws holding it together. This is common among individuals who conceal narcotics and currency in their vehicle.

24. Due to Mr. Wilcoxson's empty holster, officers believed that the firearm was thrown from his vehicle during the vehicle chase. A trooper located the firearm, a Kodiak Semi-Automatic, .45 caliber pistol in the center median at exit 24.

25. Officers transported Mr. Wilcoxson to the HCSO Detention Center and charged him with, among other things, flee to elude arrest, trafficking in MDMA, other drug offenses, and possession of a firearm by a felon.

26. Officers subsequently obtained a search warrant to search Mr. Wilcoxson's residence at 296 Livingston Street, Apartment D, Asheville, NC 28801.

27. During the execution of the search warrant at the residence, officers located 51.7 grams of suspected methamphetamine (found in a black sentry safe); 20.8 grams of suspected MDMA; 5.4 grams of suspected marijuana; 6 rounds of .38 caliber ammunition; a .357 EAA Revolver, Model .38 Special; and digital scales.

28. Mr. Wilcoxson's brother Darryl Lee Whitmore was inside the residence. Mr. Whitmore was taken into custody and agreed to talk with detectives after receiving Miranda warnings.

29. Mr. Whitmore indicated that "King Gino" or "Gino" gave him the revolver and MDMA, but claimed not to know "Gino's" real name. Mr. Whitmore stated that he knew what "Gino" was doing, and confirmed that he made "hand-to-hand transactions on "Gino's" behalf.

30. Mr. Whitmore was transported to the Buncombe County Detention Center and charged with various drug offenses, including trafficking in methamphetamine.

6

31. Additionally, Detective Beddow obtained warrants for Mr. Wilcoxson for various drug offenses, including trafficking in methamphetamine and possession of drug paraphernalia.

## ADMINISTRATIVE FORFEITURE

32. DEA initiated an administrative forfeiture action against the Defendant Currency.

33. On May 12, 2020, Carvenus Cruz Wilcoxson filed a claim as to the Defendant Currency.

34. The United States now files this Complaint in response to that claim.

35. The following persons may have or claim an interest in the Defendant Currency:

Carvenus Cruz Wilcoxson
224 E. Lewis Street
New Albany, IN 47150

## CONCLUSION

36. By virtue of the foregoing, all right, title, and interest in the Defendant Currency vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to the United States of America.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States of America respectfully prays the Court that:

(1) a warrant for the arrest of the Defendant Currency be issued;

(2) due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) judgment be entered declaring the Defendant Currency to be condemned and forfeited to the United States of America for disposition according to law; and

(4) the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Defendant Currency as required by 28 U.S.C. § 1921.

Respectfully submitted this 10th day of August, 2020.

> R. ANDREW MURRAY
> UNITED STATES ATTORNEY
>
> **s/ Jonathan D. Letzring**
> JONATHAN D. LETZRING
> Assistant United States Attorney
> Georgia Bar No. 141651
> Room 233, U.S. Courthouse
> 100 Otis Street
> Asheville, North Carolina 28801

Telephone No. (828) 271-4661
Jonathan.letzring@usdoj.gov

9

# **VERIFICATION**

I am a Task Force Officer with the Drug Enforcement Administration and one of the agents assigned to this case. Pursuant to 28 U.S.C. § 1746, I hereby verify and declare under penalty of perjury that the foregoing is true and correct to the best of knowledge, information, and belief.

Date: 08-10-2020

*Sonia Escobedo*

Sonia Escobedo
Task Force Officer