UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-216

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| APPROXIMATELY $7,424.25 IN U.S. | ) | |
| CURRENCY seized from Carvenus Cruz | ) | |
| Wilcoxson on or about March 3, 2020, in | ) | |
| Haywood County, North Carolina, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Government's Motion for Default Judgment of Forfeiture. ECF No. 6. Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the Court enter a Default Judgment of Forfeiture with respect to the $7,424.25 in United States Currency ("the Defendant Currency") identified in the Complaint.

## FACTUAL BACKGROUND

Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2011); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of

1

damages—is admitted if a responsive pleading is required and the allegation is not denied"). Thus, the factual allegations in the Government's Complaint, ECF No. 1, are deemed admitted as true. The following is a recitation of the relevant, admitted facts:

In February 2020, the Asheville Police Department's Drug Suppression Unit ("APD-DSU") began a drug investigation at 296 Livingston Street, Apartment D, Asheville, NC 28801, the residence of a known drug dealer named Carvenus Cruz Wilcoxson, also known as "Gino." ECF No. 1 ¶ 7. Mr. Wilcoxson had outstanding arrest warrants in Indiana for possession of a firearm by a convicted felon and for a drug offense. *Id.* ¶ 8.

On February 29, 2020, APD Detective Beddow contacted Detective Miller with the New Albany Police Department in Indiana, who was familiar with Mr. Wilcoxson. *Id.* ¶ 9. Detective Miller explained that Mr. Wilcoxson had several felony drug offenses in their jurisdiction. *Id.* ¶ 10. Detective Miller also advised Detective Beddow to exercise caution when confronting Mr. Wilcoxson because he is known to carry several firearms and is a flight risk. *Id.*

While conducting surveillance at the residence, APD Detective Brad Beddow observed a white Cadillac Deville with temporary Kentucky license plates parked in front of apartment 296 Livingston Street, Apartment D, Asheville, NC 28801. *Id.*

2

¶ 11. On March 3, 2020, APD detectives observed Mr. Wilcoxson leave his residence in the Cadillac Deville and travel onto I-40 west, heading towards Tennessee. *Id.*

As APD detectives followed the Cadillac into Haywood County, Detective Beddow enlisted assistance from Haywood County Sheriff's Office's Criminal Suppression Unit ("HCSO-CSU"). *Id.* ¶ 12. Deputy DeWeese with HCSO-CSU located Mr. Wilcoxson's vehicle near exit 31 on I-40. *Id.* ¶ 13. He waited on back-up before attempting to stop the vehicle. *Id.* Several HCSO deputies arrived to assist Deputy DeWeese. *Id.* ¶ 14. Deputy DeWeese activated his blue lights and attempted to stop Mr. Wilcoxson. *Id.*

Mr. Wilcoxson initially appeared to slow down and pull over, but after approaching exit 27 on I-40, he accelerated to over 100 mph, near mile marker 25. *Id.* ¶ 15. North Carolina State Highway Patrol Trooper Holcombe was situated at mile marker 24, and he deployed spike strips (a law enforcement tool used to impede or stop the movement of a vehicle by puncturing the tires) on the roadway as Mr. Wilcoxson approached. *Id.* ¶ 16. Mr. Wilcoxson unsuccessfully attempted to avoid the spike strips, and his front and rear left tires deflated. *Id.* ¶ 17. However, his vehicle continued to travel at a high rate of speed. *Id.*

Mr. Wilcoxson finally came to a stop when his tires came apart near mile marker 22 ½. *Id.* ¶ 18. Mr. Wilcoxson pulled over and opened the driver's side door. *Id.* Deputy DeWeese gave Mr. Wilcoxson verbal commands to exit the vehicle with his hands up and get on the ground. *Id.* ¶ 19. Mr. Wilcoxson followed the commands. *Id.* Mr. Wilcoxson was placed in custody. *Id.* ¶ 20. He was wearing a holster on his right hip, but it was empty. *Id.*

Officers conducted a search of Mr. Wilcoxson incident to his arrest. *Id.* Officers located $2,370.00 in U.S. Currency in Mr. Wilcoxson's right front pocket. *Id.* ¶ 21. In Mr. Wilcoxson's left front pocket, officers located one bag containing 17.1 grams of suspected marijuana and another bag containing 8.9 grams of suspected marijuana. *Id.*

Officers proceeded to search Mr. Wilcoxson's vehicle, which smelled of marijuana. *Id.* ¶ 22. In the trunk, officers located a black shoe box, which contained 81.6 grams of suspected MDMA, as well as another $5,050.00 in U.S. Currency. *Id.* The seized currency totaled $7,424.25. *Id.* Upon further search of the vehicle, officers discovered that the dashboard came apart, and only had a few screws holding it together. *Id.* ¶ 23. This is common among individuals who conceal narcotics and currency in their vehicle. *Id.* Due to Mr. Wilcoxson's empty holster, officers believed that the firearm was thrown from his vehicle during

4

Case 1:20-cv-00216-MOC-WCM   Document 8   Filed 01/11/21   Page 4 of 9

the vehicle chase. *Id.* ¶ 24. A trooper located the firearm, a Kodiak Semi-Automatic, .45 caliber pistol in the center median at exit 24. *Id.* Officers transported Mr. Wilcoxson to the HCSO Detention Center and charged him with, among other things, fleeing to elude arrest, trafficking in MDMA, other drug offenses, and possession of a firearm by a felon. *Id.* ¶ 25.

Officers subsequently obtained a search warrant to search Mr. Wilcoxson's residence at 296 Livingston Street, Apartment D, Asheville, NC 28801. *Id.* ¶ 26. During the execution of the search warrant at the residence, officers located 51.7 grams of suspected methamphetamine (found in a black sentry safe); 20.8 grams of suspected MDMA; 5.4 grams of suspected marijuana; 6 rounds of .38 caliber ammunition; a .357 EAA Revolver, Model .38 Special; and digital scales. *Id.* ¶ 27. Mr. Wilcoxson's brother Darryl Lee Whitmore was inside the residence. *Id.* ¶ 28. Mr. Whitmore was taken into custody and agreed to talk with detectives after receiving Miranda warnings. *Id.*

Mr. Whitmore indicated that "King Gino" or "Gino" gave him the revolver and MDMA, but he claimed not to know "Gino's" real name. *Id.* ¶ 29. Mr. Whitmore stated that he knew what "Gino" was doing and confirmed that he made "hand-to-hand transactions on "Gino's" behalf. *Id.* Mr. Whitmore was transported to the Buncombe County Detention Center and charged with various

drug offenses, including trafficking in methamphetamine. *Id.* ¶ 30. Additionally, Detective Beddow obtained warrants for Mr. Wilcoxson for various drug offenses, including trafficking in methamphetamine and possession of drug paraphernalia. *Id.* ¶ 31.

## PROCEDURAL BACKGROUND

On August 10, 2020, the Government filed a Verified Complaint for Forfeiture *In Rem*, alleging that the Defendant Currency seized from Mr. Wilcoxson on or about March 3, 2020, is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). ECF No. 1. On August 12, 2020, the Clerk issued a Warrant of Arrest *In Rem* for the Defendant Currency. ECF No. 2.

After the Government filed its Complaint, in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), the Government provided direct notice of this action to known potential claimants. Specifically, on August 17, 2020, and on August 31, 2020, the Government mailed notice and a copy of the Complaint to Mr. Wilcoxson at his addresses of record. *See* ECF No. 7-1. Additionally, in accordance with Supplemental Rule G(4)(a), the Government provided notice by publication as to all persons with potential claims to the Defendant Currency by publishing notice via www.forfeiture.gov from August 25, 2020, until September

23, 2020.  ECF No. 3.

During the pendency of this action, no individual or entity has made a timely claim to the Defendant Currency.  On December 8, 2020, pursuant to Fed. R. Civ. P. 55(a), the Government filed a motion for entry of default, ECF No. 4, and that same day the Clerk entered default.  *See* ECF No. 5.

### III.  ARGUMENT

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture.  18 U.S.C. § 983(c)(1).  A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."  Fed. R. Civ. P. Supp. R. G(2)(f).  The Government may seek forfeiture of currency if it was used, or intended to be used in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*  *See* 21 U.S.C. § 881(a)(6).

Based on the allegations of the Government's Verified Complaint—which are deemed admitted as true—the Court finds that the Government has satisfied its burden of showing that the Defendant Currency is subject to forfeiture under

7

21 U.S.C. § 881(a)(6).   Additionally, the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4).   No individual or entity has timely filed a claim to the Defendant Currency.   After careful review, the Court finds that the Government has established that default judgment is appropriate.

### IV.    JUDGMENT

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment of Forfeiture is hereby **GRANTED** and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the following property:

1) $7,424.25 IN U.S. CURRENCY seized from Carvenus Cruz Wilcoxson on or about March 3, 2020, in Haywood County, North Carolina

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Currency is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the forfeited Defendant Currency as provided by law.

8

Signed: January 9, 2021

Max O. Cogburn Jr
United States District Judge

9